ARSHACK, HAJEK & LEHRMAN, PLLC
1790 BROADWAY,   7TH FLOOR
NEW YORK, NEW YORK 10019

TEL: 212-582-6500
FAX: 212-459-0568

January 7, 2014

By Fax – 212-805-4060

Hon. Magistrate Judge Sarah Netburn
United States District Court for
The Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: U.S. v. Devyani Khobragade – 13 Mag. 2870

Dear Magistrate Judge Netburn:

    Please accept this reply to the Government's response to our request to postpone the preliminary hearing date in this matter currently scheduled for January 13, 2014.

    We are surprised and distressed that the prosecution has elected to publically characterize the discussions that have taken place in the manner in which they have. Indeed, the agreed upon ground rules of the communications we have had to date were that no public characterization of the discussions would be made.  We can only think that the violation of that agreement is a distressingly calculated one.   It must be noted that we strongly disagree with their characterization and we hope that the prosecution will not unilaterally take any further steps which will further polarize the situation.

    It is precisely the desire to avoid further polarization that we have asked the Court to extend the time within which the prosecution must either indict or be ready for a preliminary hearing. Repeatedly, the prosecution has explained that the existence of the January 13, 2014 deadline was driving its determination to immediately seek an indictment.  We have made this application to extend the time period because we wish to eliminate the pressure on the situation and permit the efforts which are ongoing to resolve this matter, both between the parties to this criminal litigation and elsewhere to move forward.  As the court is well aware, the issuance of an indictment is a polarizing event and one which cannot easily be undone.  The ongoing and sincere efforts of stakeholders in all capacities, not just those of the defense team and the Department of Justice, will be well served, and the interests of justice will be advanced by being permitted to try to

1

resolve this without the issuance of an indictment or preliminary hearing by January 13, 2014.

    Of course, we are aware that the prosecution is free to issue an indictment at any time and the requested extension will clearly not preclude their doing so. But we take the prosecution at its word that it is rapidly proceeding towards an indictment specifically because of the January 13, 2014 deadline.

    The Advisory Committee notes to the 2002 amendments to FRCP 5.1(d) make it clear that the change in the rule to permit extensions of the time period, such as this requested one, were to "provide greater judicial economy." There can be no benefit in forcing the prosecution to issue an indictment by an arbitrary date where the defendant herself is waiving the requirement. After all, the purpose of setting the time limits in the first place is to protect the interests of the defendant. In this case, it is the defendant who is asking to extend that date because it is the date itself which is interfering with the possibility of an early, expeditious and judicially economical resolution.

    The prosecution's suggestion that there is no motion for the court to decide because <u>they</u> have not asked for an extension is remarkably incorrect. They have pointed out the obvious that <u>they</u> are not asking for such relief. While that is true, it is also true that nowhere in the prosecution's response have they actually opposed our application… and why would they, they benefit also by having more time. We do therefore ask that our application be granted.

    For all of the reasons presented, we request that the court extend the deadline by 30 days to and including February 12, 2014.

Sincerely,

Daniel N. Arshack
Counsel to Devyani Khobragade

Cc: AUSA Amanda Kramer -- by email
    Lisa Chan- Pretrial Services -- by email