UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES of AMERICA,

-against-

DEVYANI KHOBRAGADE,

----------------------------------------------------------------X

13-MJ-2870 (SN)

ORDER

**SARAH NETBURN, United States Magistrate Judge:**

Defendant Devyani Khobragade was arrested on December 12, 2013, and appeared that same day for presentment on a criminal complaint. Before Magistrate Judge Debra Freeman, the defendant consented to a waiver of the time limits set forth in Rule 5.1(c) of the Federal Rules of Criminal Procedure and agreed to a preliminary hearing date of January 13, 2014. Under Rule 5.1(a), a magistrate judge must timely conduct a preliminary hearing unless, among other grounds, before the date it is scheduled, the defendant is indicted or the government files an information against the defendant.

By letter dated January 6, 2014, the defendant requests a 30-day adjournment of her preliminary hearing. Through counsel, the defendant asserts that the impending preliminary hearing date is negatively affecting the ability of counsel and the government to engage in productive plea negotiations. In a subsequent letter, dated January 7, 2014, defense counsel claims that "the prosecution has explained that the existence of the January 13, 2014 deadline was driving its determination to immediately seek an indictment." Because "the issuance of an indictment is a polarizing event," defense counsel seeks to move the preliminary hearing deadline to February 12, 2014. The government opposes the defendant's application on the

grounds that the negotiations to date do not merit a continuance of the preliminary hearing date, that the government will continue good faith plea negotiations following indictment and that, in any event, the decision whether to seek an indictment is one entirely at the discretion of the government, such that a continuance of the preliminary hearing date does not provide the defendant with any meaningful assurance.

An adjournment of the preliminary hearing date will not grant the defendant the relief she seeks. Under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, an indictment or information charging the defendant with the commission of an offense must be filed within 30 days of the date of the defendant's arrest or service of a summons in connection with such charges. 18 U.S.C. § 3161(b). Because the defendant was arrested on December 12, 2013, she must be indicted (or an information by the government must be filed against her) by January 13, 2014. Therefore, an extension of the preliminary hearing date pursuant to Rule 5.1(d) will not relieve the pressure identified by the defendant. Moreover, the defendant cannot extend Speedy Trial time limits merely by filing a waiver. The Speedy Trial Act is not solely a protection for the defendant; it is also designed to serve the public's interest in a speedy trial of those charged with federal criminal offenses.

The 30-day time limit to indict or file an information may, however, be extended based on the judge's own motion, or on application by the defendant, her counsel, or the government. To exclude a period of delay resulting from a continuance, the judge must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). See also United States v. Kelly, 45 F.3d 45, 47 (2d Cir. 1995). The factors that the judge must consider in determining whether to grant a continuance in

2

furtherance of the ends of justice are set forth in the statute. 18 U.S.C. § 3161(h)(7)(B). These factors include, *inter alia*, the possibility of a miscarriage of justice, the complexity of the case, and the need to obtain counsel. See 18 U.S.C. 3161(h)(7)(B)(i-iv). Because the defendant has not submitted a motion under § 3161(h)(7), the Court is not aware of any grounds on which to *sua sponte* grant the defendant a continuance.

The defendant has requested only that the preliminary date be adjourned for 30 days for good cause shown, pursuant to Rule 5.1(d). Because a modification of the hearing date will not itself alter the time period for the filing of an indictment or information, the defendant's concerns regarding the pressures of an impending indictment on plea negotiations will not grant her the relief she seeks. Therefore, good cause has not been demonstrated, and the defendant's request for an adjournment of the preliminary hearing date is DENIED.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: New York, New York
January 8, 2014

3